AO 241
(Rev. 10/07)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of Florida, West Palm Beach |
|---|---|
| Name (under which you were convicted): Derrick Tyrone Jenkins | Docket or Case No.: |
| Place of Confinement: N/A | Prisoner No.: N/A |
| Petitioner (include the name under which you were convicted)  Derrick Tyrone Jenkins  v.  State of Florida | Respondent (authorized person having custody of petitioner) |
| The Attorney General of the State of Florida, Ashley Moody | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: 15th Judicial Circuit, County Court, Palm Beach County, Florida

    (b) Criminal docket or case number (if you know): Case No. 50-2019-MM-001265-AXXX-MB

2.  (a) Date of the judgment of conviction (if you know): April 12, 2019

    (b) Date of sentencing: April 12, 2019

3.  Length of sentence: 30 days of incarceration to be followed by six months of probation

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Indirect Criminal Contempt, Fla. Stat. § 38.22

6.  (a) What was your plea? (Check one)

    ☒ (1) Not guilty         ☐ (3) Nolo contendere (no contest)
    ☐ (2) Guilty             ☐ (4) Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☐ Jury     ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☒ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of court:   Fourth District Court of Appeal, State of Florida

    (b) Docket or case number (if you know):   No. 4D20-1171

    (c) Result:   Judgment Per Curiam Affirmed, (citing *O'Brien v. State*, 248 So. 2d 252 (Fla. 4th DCA 1971))

    (d) Date of result (if you know):   June 23, 2021

    (e) Citation to the case (if you know):   *Jenkins v. State*, 321 So. 3d 839 (Fla. 4th DCA 2021)

    (f) Grounds raised:   (1) The County Court Lacked Jurisdiction to Hear the Contempt Proceeding; (2) The Trial Court Violated the First Amendment When it Held Mr. Jenkins in Contempt for Engaging in Political Speech that did not Create a Clear and Present Danger of Imminent and Substantial Harm or Clear and Present Danger to the Obstruction of Justice; and (3) The Trial Judge Violated Mr. Jenkins' Right to Due Process when he Departed from his Role as a Neutral Arbiter and Adduced Evidence beyond the Subject of the Show Cause Order

A

    (g) Did you seek further review by a higher state court?   ☐   ☐ Yes   ☒ No

        If yes, answer the following:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Result:

        (4) Date of result (if you know):

AO 241
(Rev. 10/07)

      (5) Citation to the case (if you know): _____

      (6) Grounds raised: _____

_____

_____

_____

    (h) Did you file a petition for certiorari in the United States Supreme Court?   ☒ Yes   ☐ No

      If yes, answer the following:

      (1) Docket or case number (if you know):   No. 21-712

      (2) Result:   Petition for writ of certiorari denied.

      (3) Date of result (if you know):   January 10, 2022.

      (4) Citation to the case (if you know):   *Jenkins v. Florida*, 142 S.Ct. 774 (2022)

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes   ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court: _____

          (2) Docket or case number (if you know): _____

          (3) Date of filing (if you know): _____

          (4) Nature of the proceeding: _____

          (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

          (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

            ☐ Yes   ☐ No

          (7) Result: _____

          (8) Date of result (if you know): _____

AO 241
(Rev. 10/07)

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court: _____

  (2) Docket or case number (if you know): _____

  (3) Date of filing (if you know): _____

  (4) Nature of the proceeding: _____

  (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes   ☐ No

  (7) Result: _____

  (8) Date of result (if you know): _____

 (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court: _____

  (2) Docket or case number (if you know): _____

  (3) Date of filing (if you know): _____

  (4) Nature of the proceeding: _____

  (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No
(2) Second petition:  ☐ Yes    ☐ No
(3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: Mr. Jenkins' Conviction for Indirect Contempt Violated the First Amendment because he Engaged in Political Speech that did not Pose a Clear and Present Danger to the Administration of Justice because the case was closed and the time for rehearing had expired.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner Derrick Tyrone Jenkins sent a profane letter to an elected state court judge who dismissed his civil case with prejudice. Though the time for rehearing had expired, the court initiated indirect criminal contempt proceedings that resulted in jail time for Mr. Jenkins and a probation order that prohibited him from undertaking any "communication . . . intended to lessen the authority and dignity" of any judge or court in the judicial circuit.

The only case cited was *O'Brien v. State*, 248 So. 2d 252 (Fla. 4th DCA 1971), a decision that affirmed a contempt conviction for out-of-court speech that "tended to degrade the court or the judge as a judicial officer"—a lesser standard than the clear and present danger test. *O'Brien* also held that the United States Supreme Court's First Amendment cases had "no application whatsoever to [this] type of communication." The Fourth District Court of Appeal affirmed, citing only to *O'Brien*. This Court has already invalidated a conviction on habeas review under section 2254 predicated on indistinguishable facts. *Wilson v. Moore*, 193 F. Supp. 2d 1290, 1293 (S.D. Fla. 2002). It should do so here as well.

(b) If you did not exhaust your state remedies on Ground One, explain why:   Though Mr. Jenkins did not file a motion for post-conviction relief, he raised this same argument in the trial court, on direct appeal, and in the United States Supreme Court, which denied certiorari review but did not adjudicate the claim on the merits. Raising the same argument again in state court would be futile. To the extent the Court disagrees with the foregoing, Mr. Jenkins would respectfully ask that the

AO 241
(Rev. 10/07)

Court hold this case in abeyance while he exhausts any state court remedies available to him.

**(c)    Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   Yes   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  Petitioner raised this same argument in the trial court, on direct appeal, and in the United States Supreme Court, which denied certiorari review but did not adjudicate the claim on the merits.  Raising the same argument again in state court would be futile.  To the extent the Court disagrees with the foregoing, Mr. Jenkins would respectfully ask that the Court hold this case in abeyance while he exhausts any state court remedies available to him.

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   None

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No
  (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      ☐ Yes   ☐ No
  (2) If your answer to Question (d)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

        have used to exhaust your state remedies on Ground Two _____

        _____

        _____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

**(c)** **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

**(d)** **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  [X] Yes   [ ] No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:  No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   [X] Yes   [ ] No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   Mr. Jenkins filed a petition for writ of certiorari in the United States Supreme Court following the per curiam affirmance in Florida's Fourth District Court of Appeals.  He argued that his conviction for indirect criminal contempt violated the First Amendment.  The Supreme Court denied certiorari review on January 10, 2022.  *See Jenkins v. Florida*, 142 S.Ct. 774 (2022).

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   [ ] Yes   [X] No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 10/07)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Pro Se

(b) At arraignment and plea: Pro Se

(c) At trial: Pro Se

(d) At sentencing: Pro Se

(e) On appeal: Andrew B. Greenlee, Esquire, 401 E. 1st Street, Unit 261, Sanford, FL 32772; Greg Rosenfeld, 515 N. Flagler Drive, Suite P-300, West Palm Beach, FL 33401.

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:
(c) Give the length of the other sentence:
(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

AO 241
(Rev. 10/07)

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  Vacate the conviction for indirect contempt of court

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  January 10, 2023  (month, date, year).

Executed (signed) on  1/10/2023  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.