1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:23-CV-80034-ROSENBERG/REINHART

DERRICK TYRONE JENKINS,

                Petitioner,

vs.

THE ATTORNEY GENERAL OF
THE STATE OF FLORIDA,

                Respondent.
_____/

## ORDER TO SHOW CAUSE

Petitioner has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 seeking to have his conviction vacated due to alleged violations of his Constitutional rights.  ECF No. 1.  The Petition was referred to me by the Hon. Robin L. Rosenberg for a report and recommendation.  ECF No. 3.

"It is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Here, the Petition is brought under Section 2254 which states, in relevant part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

2

28 U.S.C. § 2254(a) (emphasis added).  The Supreme Court has stated that the "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 578 (11th Cir. 2007) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).  "Accordingly, where a petitioner's sentence has fully expired, he does not meet the 'in custody' requirement and the district court lacks subject matter jurisdiction." *Id.* at 578-79 (affirming dismissal of § 2254 petition for lack of jurisdiction where petitioner was not "in custody" at the time that he filed his petition).  Here, the Petition reveals that Petitioner was not incarcerated when he filed his Petition.  ECF No. 1 at 1 (in completing Form AO 241, Petitioner responded "N/A" to questions about his place of confinement and prisoner number).

Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE** why this Court should not recommend that his Petition be dismissed for lack of subject matter jurisdiction.  Petitioner's response to this Order to Show Cause is due by **January 27, 2023.**

**DONE and ORDERED** in Chambers this 13th day of January, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART

3

UNITED STATES MAGISTRATE JUDGE