IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

**DERRICK TYRONE JENKINS,**

    Petitioner,                                                           Case No: 9:23-cv-80034-RLR

vs.

**ASHLEY MOODY, in her official capacity as
Florida Attorney General,**

    Respondent.

_____/

## RESPONSE TO ORDER TO SHOW CAUSE

**COMES NOW** Petitioner, Derrick Tyrone Jenkins, through undersigned counsel, and hereby submits this Response to the January 13, 2023, Order to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction. ECF No. 4. Mr. Jenkins respectfully submits that he falls within an exception to the "in custody" requirement because he is actually innocent of the charged offense and has no other statutory avenue to challenge his conviction. Even if the Court disagrees, it still has subject matter jurisdiction because the alternative forms of relief requested—the issuance of either a writ of error coram nobis or audita querela—confer jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a).

**I. BACKGROUND**

Mr. Jenkins brought this federal habeas petition to challenge the constitutionality of an indirect criminal contempt conviction arising from a profane letter he sent to a state court judge who had dismissed his pro se police misconduct lawsuit with prejudice. ECF No. 1-2. The letter contained political speech condemning the judge, who was an elected official, and it was submitted

after the state court lost jurisdiction over his case because the time for rehearing had expired. Mr. Jenkins contended that his speech was protected under the First Amendment to the United States Constitution.

In finding Mr. Jenkins guilty of contempt, the trial court relied solely upon *O'Brien v. State*, 248 So. 2d 252 (Fla. 4th DCA 1971). ECF No. 1-3 at 113-17. On appeal, Mr. Jenkins pointed out that this Court has already ruled that *O'Brien* is no longer good law, as it "permits a contempt conviction for critical speech sent to a judge where the speech merely 'tended to degrade the court or the judge as a judicial officer'—a patently less stringent standard than the clear and present danger test." ECF No. 1-7 at 17-21 (citing *Wilson v. Moore*, 193 F. Supp. 2d 1290, 1293 (S.D. Fla. 2002)).

Unconvinced, the state appellate court affirmed, again citing only to *O'Brien*. ECF No. 1-8 at 3. The United States Supreme Court denied Mr. Jenkins's petition for writ of certiorari in which he argued that his conviction for indirect criminal contempt violated the First Amendment. ECF Nos. 1-12, 1-13. Mr. Jenkins then filed a timely habeas petition in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In his Memorandum of Law, Mr. Jenkins argued that he fell within the exception to the "in custody" requirement because he was actually innocent of the conviction he sought to vacate and had no other avenue to challenge the legality of his conviction. ECF No. 1-2 at 13-14. Alternatively, Mr. Jenkins maintained that he still suffered from consequences arising from his conviction, including the chilling effect it had on both his right to engage in protected speech and to avail himself of the state courts of the Fifteenth Judicial Circuit. ECF No. 1-2 at 12-13.

Mr. Jenkins also argued that, even if his conviction is fully expired and thus he cannot avail himself of 28 U.S.C. § 2254 due to the "in custody" requirement, the Court should nevertheless

construe his pleading as a petition for writ of error coram nobis or a petition for writ of audita querela, which are cognizable under the All Writs Act, 28 U.S.C. § 1651(a). ECF No. 1-2 at 20-22. On January 13, 2023, this Court entered a Show Cause Order directing Mr. Jenkins to address whether the Court has subject matter jurisdiction, given that Mr. Jenkins does not remain incarcerated. ECF No. 4. For the reasons that follow, the Court should discharge the Show Cause Order and adjudicate this case on its merits.

## II. ARGUMENT AND MEMORANDUM OF LAW

Section 2254 confers jurisdiction on federal district courts to "entertain an application for a writ of habeas corpus on behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Ordinarily, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement, which deprives the district court of subject matter jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

That said, the United States Supreme Court has recognized an exception to the "in custody" requirement for compelling claims of actual innocence that are coupled with a lack of available forum for redress. *Lackawanna Cnty Dist. Att'y v. Coss*, 532 U.S. 394, 405 (2001); *Daniels v. United States,* 532 U.S. 374, 383 (2001) (opinion of O'Connor, J., joined by Rehnquist, C.J., and Kennedy and Thomas, J.) ("We recognize that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."). In the wake of *Coss*, federal courts have recognized three possible exceptions that would allow a federal court to review a state conviction despite the sentence being fully expired: 1) "where the conviction was obtained without the benefit of counsel": 2) "where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented";

3

and, 3) "where subsequently obtained compelling evidence demonstrates actual innocence." *Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005); *see also McGowan v. Roe*, 128 Fed. Appx. 35, 36 (9th Cir. 2005).

Mr. Jenkins falls within this exception. Mr. Jenkins was actually innocent of the indirect contempt because he was exercising his right to free speech under the First Amendment. This Court, on nearly identical facts, invalidated a defendant's indirect criminal contempt conviction imposed under *O'Brien*, which "permits a contempt conviction for critical speech sent to a judge where the speech merely 'tended to degrade the court or the judge as a judicial officer'—a patently less stringent standard than the clear and present danger test." *Wilson*, 193 F. Supp. at 1293..

In *Wilson v. Moore*, former Chief Judge K. Michael Moore considered whether Wilson's conviction for indirect criminal contempt for sending a letter to a Monroe County judge violated his First Amendment right to freedom of speech. *Wilson*, 193 F. Supp. at 1291. Wilson sent his letter to the judge who had presided over his trial, but after the trial judge had recused himself and while an appeal of the conviction was pending. *Id*. The letter was insulting but not threatening. *Id*. The court found Wilson guilty of indirect criminal contempt because his statements "were calculated to embarrass the Court and to lessen the Judge's authority and dignity." *Id*. Wilson appealed, but the appellate court issued a per curiam affirmance citing *O'Brien*. *Wilson v. State*, 712 So. 2d 457 (Fla. 3d DCA 1998).

Judge Moore concluded that the state appellate court failed to apply U.S. Supreme Court precedent and instead relied on *O'Brien*, which applied a less stringent standard than the clear and present danger test. *Wilson*, 193 F. Supp. at 1293. Judge Moore rejected the state court's attempts to distinguish Supreme Court precedent. *Id*. at 1293-94. First, he noted that the Supreme Court has applied the clear and present danger test to speech during pending cases. *Id*. at 1294. Second,

4

Judge Moore rejected a purported distinction on the basis that *O'Brien* sent his letter directly to the judge. *Id*. He concluded that "the lenient standard applied by the state court is constitutionally insufficient to restrict out-of-court speech to or about a judicial officer," granted Wilson's writ under § 2254, and ordered that his contempt conviction be vacated. *Id*.

In this case, the state court repeatedly alluded to its concern that the speech "diminishes the integrity and the authority of the Court." It also stated that the speech brought Judge Coates "into contempt, disrespect, or shame in the public eye." That may well be true, but "concern for the dignity and reputation of the courts does not justify the punishment as criminal contempt of criticism of the judge or his decision." *New York Times v. Sullivan*, 376 U.S. 254, 272-73 (1964). "Such repression can be justified, if at all, only by a clear and present danger of the obstruction of justice." *Id*. The State could not possibly satisfy that standard because, as noted by Judge Warner of the Fourth District Court of Appeal in her dissent, Mr. Jenkins's case had already been dismissed with prejudice and the time for rehearing had expired.

The facts of this case are materially indistinguishable from *Wilson v. Moore*. Both cases involve a conviction for indirect criminal contempt based on a letter sent to a judge who no longer exercised jurisdiction of the defendant's case and an appellate court upholding the conviction solely on the basis of *O'Brien*. The only distinction is that the habeas petitioner in *Wilson* satisfied the "in custody" requirement by serving a term of imprisonment in an unrelated case that was extended by his sentence for indirect criminal contempt. Unlike a criminal defendant like Wilson, a civil litigant like Mr. Jenkins has no separate criminal sentence that could be extended. With a maximum sentence of one year, any period of incarceration or probation imposed on a civil litigant for indirect criminal contempt would expire before state remedies could be exhausted. Absent some other form of custody, or an applicable extraordinary writ, a civil litigant held in indirect

criminal contempt in violation of the First Amendment under identical facts to those in *Wilson v. Moore* would have no remedy in federal court regarding a clear violation of his federal constitutional rights. Fortunately for Mr. Jenkins, the Supreme Court has recognized an exception to the custody requirement and the continued availability of extraordinary writs to fill gaps in the system of postconviction remedies.

Since his letter was protected speech, Mr. Jenkins was actually innocent of the charge of indirect criminal contempt, yet he has no other avenue for challenging the constitutionality of his conviction. Mr. Jenkins thus urges this Court to find that he falls within the custody exception recognized by the *Coss* court. *See Coss*, 532 U.S. at 405; *Daniels,* 532 U.S. at 383.

In addition, Mr. Jenkins asks this Court to consider the significant restraints on his liberty that he continues to suffer due to the indirect criminal contempt conviction. Upon his arrest at the end of the contempt hearing, the Palm Beach County Sheriff's Office published a booking photo of Mr. Jenkins. ECF No. 1-4 at ¶5. He had no prior criminal history. ECF No. 1-4 at ¶4. That photo was viewed by family, acquaintances, and members of the public and published by the New York Post and other media,[1] causing Mr. Jenkins substantial embarrassment and reputational harm. ECF No. 1-4 at ¶5.

Mr. Jenkins, who works as a licensed security guard, has also faced professional consequences as a result of his conviction. His current duties involve providing security services at federal buildings through a contractor. There have been opportunities to work directly for

---

[1] *See, e.g.*, Lee Brown, *Florida man jailed for cursing out judge in letter - sparking First Amendment fight*, New York Post, Nov. 18, 2019, viewed at https://nypost.com/2019/11/18/florida-man-jailed-for-cursing-out-judge-in-letter-sparking-first-amendment-fight/; Marc Freeman, *Letter to judge leads to jail time: man gets 30 days after writing expletive-laced message; seeks appeal*, Sun Sentinel, May 18, 2021, 2021 WLNR 16167528.

federal government agencies, rather than through a contractor. But Mr. Jenkins believes that, despite being qualified for the positions, he would not be hired once a background check revealed his criminal conviction. ECF No. 1-4 at ¶6.

Two other consequences of the judgment at issue in this petition touch directly on the constitutional rights that Mr. Jenkins attempted to exercise when he filed his civil suit to redress police misconduct. The contempt court's order prohibiting him from communications that might impugn the integrity of the courts and the judiciary has chilled his speech as he fears further retribution from judicial officers in the Fifteenth Judicial Circuit. ECF No. 1-4 at ¶7. And Mr. Jenkins is afraid to exercise his right to petition the government for redress of grievances in the Fifteenth Judicial Circuit because the contempt court ordered him not to file anything with the clerk of court that might be misconstrued as hindering the administration or justice or lessening the authority or dignity of the courts or specific judges. ECF No. 1-4 at ¶8.

Considered together, these significant constraints on his liberty give this Court jurisdiction to adjudicate the merits of his claim. *See* § 4262 Requirement of Custody, 17B Fed. Prac. & Proc. Juris. § 4262 (3d ed.) ("The kind of custody that will suffice is judged by a very liberal standard, and any restraint on a petitioner's liberty because of his conviction that is over and above what the state imposes on the public generally will suffice."). *But see Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("[C]ollateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); *Tarone v. United States*, 12-80030-CR, 2014 WL 2986484, at *2 (S.D. Fla. June 30, 2014) (finding that movant was not "in custody" for purposes of § 2255 just because he lost license to practice law).

Finally, even if this Court determines that it lacks jurisdiction under § 2254 to address the merits of his claim, Mr. Jenkins has requested alternative remedies, to wit, either a writ of error

7

coram nobis or a writ of audita querela.  This Court has discretion to construe a pleading styled as a petition for habeas corpus as a coram nobis petition.  *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997); *see also Granville v. United States*, 613 F.2d 125, 126 n.1 (5th Cir. 1980) (construing § 2255 motion as coram nobis petition); *Carbo v. United States*, 581 F.2d 91, 92-93 (5th Cir. 1978) (same).  In other words, the label affixed to the motion is not determinative; what matters is whether an individual is entitled to relief.

"The writ of error coram nobis is available to federal courts in criminal matters pursuant to the All Writs Act, 28 U.S.C. §1651(a)."  *United States v. Morgan*, 346 U.S. 502, 512-13 (1954). "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."  *Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013); *see also Morgan*, 346 U.S. at 505.

The writ is an "extraordinary remedy" that should be granted "only under circumstances compelling such action to achieve justice."  *See Morgan*, 346 U.S. at 511.  To be entitled to a writ of coram nobis, a petitioner must show: (1) he was not in custody at the time he filed the petition; (2) he has no other available and adequate avenue of relief; (3) the error alleged involves a "matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid"; and (4) there are sound reasons for failing to seek relief earlier.  *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002); *United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000); *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir. 1989).

Mr. Jenkins is entitled to a writ of error coram nobis. First, Mr. Jenkins is no longer "in custody,"[2] as both his sentence and his probation have expired. Second, Mr. Jenkins, who raised the unconstitutionality of his conviction in the state court of last resort and the United States Supreme Court, has no other alternative procedural avenues to challenge the legality of his conviction. Third, given the Fourth District Court of Appeal's reliance on *O'Brien*, the error alleged involves a "matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Finally, Mr. Jenkins could not have challenged the legality of his conviction through a section 2254 petition while simultaneously petitioning the United States Supreme Court for a writ of certiorari. *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) ("A district court should *not* entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court.") (emphasis in original); *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) ("a collateral attack is generally inappropriate if the possibility of further direct review remains open").

This Court also has discretion to construe this petition as a request for a writ of audita querela. "Audita querela, a common law writ, typically 'afforded relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution.'" *Gonzalez v. Secretary for Dept. of Corr.*, 366 F.3d 1253, 1289-90 (11th Cir. 2004) (Tjoflat, J., specially concurring in part and dissenting in part) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2867, at 394 (Civil 2d ed. 1995)). While the "usual rule was that audita querela lay only for matters arising subsequent to judgment, many courts granted relief under this writ for matters arising before judgment." *Id.*

---

[2] For purposes of this argument, Mr. Jenkins will assume that the Court has found he is no longer "in custody."

In modern times, courts have recognized that audita querela is "probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007); *see also United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990) (recognizing that audita querela could be used as "a basis for vacating a criminal conviction would be if the defendant raised a legal objection not cognizable under the existing scheme of federal postconviction remedies"); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) (noting that federal courts may recognize common law writs in a criminal context when "necessary to plug a gap in the system of federal postconviction remedies"). A person seeking a writ of audita querela must show a legal defense or discharge to the judgment. *Doe v. INS*, 120 F.3d 200, 204 (9th Cir. 1997). A "legal defense" concerns a "legal defect" in the underlying sentence or conviction. *Id.* at 203.

Here, Mr. Jenkins seeks to vacate a conviction for conduct that was not a crime because it constituted protected speech. Should this Court determine that it lacks jurisdiction to consider the merits of his claim under § 2254, Mr. Jenkins asks that it construe this petition as a writ for error coram nobis or audita querela, which fill gaps in the system of postconviction remedies and confer jurisdiction under the All Writs Act. *Morgan*, 346 U.S. 502, 512-13.

## **CONCLUSION**

For the reasons stated above, the Court has subject matter jurisdiction under 28 U.S.C. § 2254 and 28 U.S.C. § 1651(a). Mr. Jenkins respectfully requests that the Court find that it has jurisdiction to reach the merits of his claim so that he may vindicate his First Amendment right to protest a public, elected official.

Respectfully submitted,

*/s/ Andrew Greenlee*
ANDREW B. GREENLEE, ESQ.
Florida Bar No.: 0096365
ANDREW B. GREENLEE, P.A.
401 E. 1st Street, Unit 261
Sanford, FL 32772
(407) 808-6411
andrew@andrewgreenleelaw.com
*Counsel for*
*Counsel for Derrick T. Jenkins*

*/s/ Greg Rosenfeld*
GREG ROSENFELD, ESQ.
Florida Bar No.: 0092006
LAW OFFICES OF GREG ROSENFELD, P.A.
515 N. Flagler Drive, Suite P-300
West Palm Beach, FL 33401
(561) 409-5804
greg@rosenfeldlegal.com
*Counsel for Derrick T. Jenkins*

*/s/ Jesse W. Isom*
JESSE W. ISOM, ESQ.
Florida Bar No.: 0098588
LAW OFFICES OF GREG ROSENFELD, P.A.
515 N. Flagler Drive, Suite P-300
West Palm Beach, FL 33401
(561) 409-5804
jesse@rosenfeldlegal.com
*Counsel for Derrick T. Jenkins*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to opposing counsel for the State of Florida this 27th day of January, 2023 at:

Office of the Attorney General
1515 N. Flagler Drive, 9th Floor
West Palm Beach, Florida 33401
Email: CrimAppWPB@MyFloridaLegal.com

11

<u>/s/ <i>Jesse W. Isom</i></u>  
Jesse W. Isom, Esquire