IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DERRICK TYRONE JENKINS,

    Petitioner,        CASE NO.: 23-CV-80034-ROSENBERG/REINHART

v.

ATTORNEY GENERAL OF THE
STATE OF FLORIDA,

    Respondent.
_____/

**REPLY TO PETITIONER'S RESPONSE
TO ORDER TO SHOW CAUSE IN COMPLIANCE WITH THIS
COURT'S ORDER OF JANUARY 27, 2023**

COMES NOW, Respondent, by and through undersigned counsel, and, pursuant to this Court's paperless order dated January 27, 2023, hereby files this Reply to Petitioner's Response to Order to Show Cause of January 27, 2023. (DE 5).

**I.    Background**

Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the constitutionality of an indirect criminal contempt conviction resulting from filing a letter in a court file with the Fifteenth Judicial Circuit in Palm Beach County, Florida and otherwise sending such letter to the judge. (DE 1, DE 1-6). The Petition failed to address Petitioner's custody status. (DE

1). On January 13, 2023, this Court ordered Petitioner to respond as to how Petitioner meets the 'in custody' requirement of 28 U.S.C. § 2254(a), noting the "Petition reveals that Petitioner was not incarcerated when he filed his Petition." (DE 4). Petitioner filed his Response on January 27, 2023, alleging he falls within an exception, being "actually innocent of the indirect contempt because he was exercising his right to free speech under the First Amendment." (DE 5).

Petitioner does not satisfy the custody requirement under 28 U.S.C. § 2254(a) or any exception, as Petitioner is not currently incarcerated under any charge at this time. In addition, the writs of *error coram nobis* and *audita querela* are unavailable. As such, the instant Petition should be dismissed for lack of subject-matter jurisdiction.

## II.     Argument

Petitioner seeks relief under Section 2254 which states, in relevant part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). As this Court noted, "where a petitioner's sentence has fully expired, he does not meet the 'in custody' requirement." *Birotte v. Secretary for Dept. of Corrections*, 236 Fed. Appx. 577, 579 (11th Cir. 2007) (unpublished). The *Birotte* court further stated:

> [T]he 'in custody' requirement means that the petitioner must be 'in custody' under the conviction or sentence under attack at the time the habeas petition is filed, and the collateral consequences of the conviction, alone, are insufficient to render the defendant 'in custody'.

*Birotte*, at 579.

Here, Petitioner is not incarcerated, and his probation has been terminated. Thus, he does not qualify under the "in custody" requirement for relief under the writ of habeas corpus.

Petitioner contends that an exception applies. Specifically, he contends that he is actually innocent, and no other relief is available, as he believes the Fourth District Court of Appeals applied the wrong law—*O'Brien v. State*, 248 So. 2d 252 (Fla. 4th DCA 1971) rather than *Wilson v. Moore*, 193 F. Supp. 2d 1290 (S.D. Fla. 2002). (DE 5, pg 4).

Petitioner cites *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 395 (2001), *Daniels v. United States*, 532 U.S. 374, 383 (2001), *McGowan v. Roe*, 128 Fed. Appx. 35, 36 (9th Cir. 2005), *Abdus-Samad v. Bell*, 420 F.3d 614, 617 (6th Cir. 2005) as support for his position that an actual innocence exception to the in-custody requirement exists and applies here. The argument fails.

In each of the cases cited by Petitioner, the defendant was currently incarcerated. *Coss*, 532 U.S. at 404 ("As in *Daniels*, we recognize an exception to the general rule for § 2254 petitions that challenge **an enhanced sentence** on the

basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).") (bold emphasis added); *Daniels*, 532 U.S. 374, 374 (2001) ("having failed to pursue remedies that were otherwise available to him to challenge his prior convictions while **he was in custody** on those convictions, may not now use a § 2255 motion directed at his federal sentence to collaterally attack those convictions."); *McGowan*, 128 Fed. Appx. at 36 (9th Cir. 2005) ("He contends that the use of his 1986 felony convictions to enhance his **current sentence** violated his right to due process because the prior convictions were the result of an unknowing and involuntary guilty plea.") (bold emphasis added); *Abdus-Samad*, 420 F.3d at 617 ("a Tennessee **inmate sentenced to death**") (bold emphasis added).

Indeed, in *Daniels*, *Coss*, and *McGowen*; the defendant was challenging an enhanced sentence. *Coss*, 532 U.S. at 404 ("As in Daniels, we recognize an exception to the general rule for § 2254 petitions that challenge **an enhanced sentence** on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).") (bold emphasis added); *McGowan*, 128 Fed. Appx. at 36 ("He contends that the use of his 1986 felony convictions to **enhance his current**

**sentence** violated his right to due process because the prior convictions were the result of an unknowing and involuntary guilty plea.") (bold emphasis added). The reason for this exception is to address an unconstitutional custody enhanced by an unconstitutional, previously served sentence.

Here, there was no enhanced sentence. Petitioner is not incarcerated and is not on probation. (DE 1-5).

The *Abdus-Samad* Court does discuss the actual innocence exception; however, it does so in a discussion of exhaustion and timeliness, not the in-custody requirement. 420 F.3d at 624 ("Abdus–Samad's Brady claim has been procedurally defaulted because he presented this claim after the expiration of the then-applicable three-year statute of limitations for asserting a claim for post-conviction relief in Tennessee. See Tenn.Code Ann. § 40–30–202 (1990) (repealed in 1995). However, Abdus–Samad asserts that his actual innocence can excuse his procedural default.").

In any event, Petitioner fails to support the allegation with any newly discovered or subsequently obtained evidence as contemplated by *Lackwanna*. See *Abdus-Samad*, 420 F. 3d at 630 ("[W]here a defendant subsequently obtains 'compelling evidence that he is actually innocent."). Petitioner instead endeavors to reargue the merits of his Petition, without providing any subsequently obtained evidence, or indeed any reference to a *Brady* claim.

Further, relief cognizable through petitions for writ of *habeas corpus* include

production of the body held in custody to the court for disposition of a pending matter as law and justice require. 28 U.S.C. § 2243. Petitioner is not currently incarcerated such that his body could be produced through issuance of a writ of *habeas corpus*. Thus, *habeas corpus* is not the proper vehicle for relief.

> The writs of *error coram nobis* and *audita querela* are unavailable.
>
> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*United States v. Rainey*, 537 Fed. Appx. 836, 838 (11th Cir. 2013) (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985)).

A writ of *error coram nobis* is available in federal courts when challenging a federal conviction. *Trujillo v. State*, 129 Nev. 706, 712, 310 P.3d 594, 598 n. 4 (2013), as modified (Dec. 30, 2013) ("A federal petition for a writ of *coram nobis* cannot be filed by a person seeking to challenge a state conviction because it is a writ used by a court to correct its own errors, not errors of another jurisdiction.") (citing *Finkelstein v. Spitzer*, 455 F.3d 131, 133–34 (2d Cir.2006); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir.2003)).

In addition, the writ of *error coram nobis* is "a process whose scope is

extremely narrow" and "lies to vacate or correct a judgment for **errors of fact** not appearing on the face of the record, which, if known in season, would have prevented the rendition and entry of the judgment questioned." 22C Cal. Jur. 3d Criminal Law: Posttrial Proceedings § 1116 (bold emphasis added) (citations omitted).

Here, Petitioner is challenging a state conviction for misdemeanor indirect criminal contempt and arguing that the trial court applied the wrong law, not an extrinsic issue of fact. Thus, the writ of *error coram nobis* is inapplicable.

"In criminal cases, *audita querela* is available where there is a legal, as contrasted with an equitable, objection to a conviction that **has arisen subsequent to the conviction** and is not redressable pursuant to another post-conviction remedy." 7 Am. Jur. 2d Audita Querela § 4 (citations omitted) (bold emphasis added); see also *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991) ("We agree with the Ayala and Garcia-Hernandez courts that, if available at all, the writ of *audita querela* can only be available where there is a legal objection to a conviction**, which has arisen subsequent to that conviction,** and which is not redressable pursuant to another post-conviction remedy.") (bold emphasis added).

Petitioner has not argued that there is a legal defense or defect that has arisen subsequent to the judgement. Rather, Petitioner is rearguing the same legal objection that he made during the trial, namely that his contemptuous letter was protected as free speech. (DE 1-3, pg. 110).

In addition, the Eleventh Circuit has recognized that that the writ of *audita querela* is not available based upon a claim that is otherwise cognizable pursuant to statute. *Rainey*, 537 Fed. Appx. at 838 ("Existing precedent makes clear that the common law writ is unavailable where, as here, statutory forms of relief are available.").

Rather, that claim should travel pursuant to the statute and meet the requirements of that statute. For example, "[s]ection 2241 makes clear that the petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Durfee v. Dep't of the Navy*, 4:21-CV-426-MW/MJF, 2021 WL 5401713, at *1 (N.D. Fla. Nov. 5, 2021), report and recommendation adopted, 4:21CV426-MW/MJF, 2021 WL 5396099 (N.D. Fla. Nov. 18, 2021).

### III. Conclusion

Petitioner's Response fails to sufficiently establish subject matter jurisdiction of this Court with respect to the custody requirement as set forth in 28 U.S.C. § 2254. This Court should dismiss the instant Petitioner for lack of subject matter jurisdiction as Petitioner current suffers no restrain imposed by the State and in accordance with *Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.").

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ MaryEllen M. Farrell
MARYELLEN M. FARRELL
Assistant Attorney General
Florida Bar No. 95571
Special Bar No. A5502486
1515 North Flagler Drive
Suite 900
West Palm Beach, FL 33401-3432
Tel: (561) 837-5016
Fax: (561) 837-5108
crimappwbp@myfloridalegal.com

Counsel for Respondent

## CERTIFICATE OF SERVICE

I CERTIFY that on February 10, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served via CM/ECF to opposing counsels:

Jesse W. Isom, Esq.,
Law Offices of Greg Rosenfeld, P.A.,
515 N. Flagler Drive, Suite P-300,
West Palm Beach, FL, 33401
jesse@rosenfeldlegal.com

Andrew Greenlee, Esq.,
Andrew B. Greenlee, P.A.
401 E. 1st Street, Unit 261
Sanford, FL, 32772
andrew@andrewgreenleelaw.com

Greg Rosenfeld, Esq.,
Law Offices of Greg Rosenfeld, P.A.
515 N. Flagler Drive, Suite P-300,
West Palm Beach, FL, 33401
greg@rosenfeldlegal.com

/s/ MaryEllen M. Farrell
MARYELLEN M. FARRELL
Assistant Attorney General