UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80034-ROSENBERG/REINHART

DERRICK TYRONE JENKINS,

    Petitioner,

v.

THE ATTORNEY GENERAL OF THE
STATE OF FLORIDA,

    Respondent.
_____/

## ORDER ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION

    This matter is before the Court upon the Petitioner's Petition for habeas relief, which was referred to the Magistrate Judge for a report and recommendation. DE 1, 3.  On July 17, 2023, the Magistrate Judge issued a Report and Recommendation wherein he concluded that the Court lacks subject matter jurisdiction over the Petition. DE 9.  Both the Petitioner and the Respondent filed objections. DE 10, 11.  The Court has conducted a *de novo* review of the Report and Recommendation, the objections, and the record and is otherwise fully advised in the premises.

    Upon review, the Court finds the recommendations to be well reasoned and correct.  The Court agrees with the analysis in the Report and Recommendation and concludes that it lacks subject matter jurisdiction over the Petitioner's Petition.  Because the Court concludes that it lacks subject matter jurisdiction, the Court neither reaches nor adopts the Magistrate Judge's conclusions on the merits, rendering the Respondent's objections on the merits moot.

    As for the Petitioner's objections, the Petitioner argues that because he is innocent, he need not be "in custody" for this Court to consider his habeas petition. *See* 28 U.S.C. § 2254 ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment

of a State shall not be granted unless . . . .") (emphasis added).  As with the Magistrate Judge, the undersigned's research has not revealed any actual innocence exception to the in-custody requirement for habeas relief, and the Petitioner has not provided any on-point citation for that proposition.  Relatedly, because the in-custody requirement is jurisdictional, the Court does not understand how there could even be an actual innocence exception. *Clements v. Florida*, 59 F.4th 1204, 1209 (11th Cir. 2023) ("The 'in custody' requirement of § 2254(a) is jurisdictional. . . ."). Finally, the Court notes that the Supreme Court has expressly declined to hold that there is a freestanding, generalized actual innocence exception for habeas corpus petitions. *See McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013) ("The Court has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding actual-innocence claim.").  In conclusion, although the Court acknowledges the harsh result upon the Petitioner, the Court concludes that there is no basis in the law for it to exercise jurisdiction over the Petition.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Report and Recommendation [DE 9] is hereby **ADOPTED IN PART** as to the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction;

2. Petitioner's Petition is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**;

3. The Clerk of the Court shall **CLOSE THIS CASE** and deny all pending motions **AS MOOT**; and

4. The Court **GRANTS** the Petitioner a Certificate of Appealability. *See* DE 10 at 7.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of August, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record